IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOULEDO YAOVI, | : | Civil No. 3:17-cv-2218 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN CLAIR DOLL, | : | |
| Respondent | : | |

## **MEMORANDUM**

Petitioner, Nouledo Yaovi, a detainee of the United States Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner challenges his continued detention by ICE pending removal. (*Id.*). Petitioner requests release from custody. (*Id.* at p. 19). Respondent indicates that if the Court enters an Order directing an individualized bond hearing before an Immigration Judge, Respondent will coordinate with the Immigration Court to schedule a bond hearing as expeditiously as possible. (Doc. 7, pp. 1-2, 6-7). For the reasons set forth below, the Court will grant a writ of habeas corpus directing an Immigration Judge to conduct a bond hearing to determine if Petitioner is a flight risk or danger to the community.

I. **Background**

Petitioner, a native and citizen of Togo, was admitted to the United States on April 3, 2012 as a lawful permanent resident. (Doc. 1, p. 4; Doc. 7-1, pp. 3-4, Record of

Deportable/ Inadmissible Alien).

On October 19, 2016, Petitioner was convicted of indecent exposure concerning a person less than 16 years of age and was sentenced to one (1) to twenty-three (23) months of imprisonment. (Doc. 7-1, p. 4, Record of Deportable/ Inadmissible Alien; Doc. 7-1, p. 8, Notice to Appear). On January 25, 2017, Petitioner was convicted of "resist arrest/ other law enforce" and sentenced to two (2) years of probation. (*Id.*). Also on January 25, 2017, Petitioner was convicted of criminal attempt – unlawful restraint/ serious bodily injury, and was sentenced to one (1) to twenty-three (23) months of imprisonment. (*Id.*).

On February 6, 2017, based on Petitioner's convictions, ICE commenced removal proceedings against him charging him as removable from the United States pursuant sections 237(a)(2)(E)(i), 237(a)(2)(A)(i), and 237(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA") for his convictions of crimes involving domestic violence, stalking, or a crime of child abuse/ neglect/ abandonment, moral turpitude for which a sentence of one (1) year or longer may be imposed, and two (2) crimes involving moral turpitude not arising out of a single scheme of criminal misconduct. (Doc. 7-1, p. 5, Record of Deportable/ Inadmissible Alien; Doc. 7-1, pp. 6-8, Notice to Appear). On April 10, 2017, Petitioner was served with a Notice to Appear and taken into ICE custody. (*Id.*).

On November 2, 2017, an Immigration Judge ordered Petitioner removed from the United States to Benin or, in the alternative, to Togo, and denied him asylum and

withholding of removal. (Doc. 7-1, pp. 9-13, Decision and Order of the Immigration Judge). The Immigration Judge also denied Petitioner's application for deferral of removal under Article III of the Convention against Torture. (*Id.*). Petitioner appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). (Doc. 1, pp. 13-16). The appeal remains pending before the BIA. (*Id.*).

II. **Discussion**

This Court has jurisdiction over Petitioner's habeas petition and his claims challenging his prolonged pre-final order detention by ICE at the York County Prison as illegal and unconstitutional. See *Leslie v. Attorney General of U.S.*, 363 F. App'x 955, 957, n.1 (3d Cir. 2010) (*per curiam*) (citation omitted). In considering the petition for writ of habeas corpus, the Court notes that Petitioner is not subject to a final order of removal, as the immigration proceedings remain pending. Thus, this Court is forced to address whether Petitioner is entitled to habeas relief in the nature of his release from the York County Prison pending the outcome of his immigration proceedings, or to order a bond hearing. Respondent indicates that if the Court orders an individualized bond hearing before an Immigration Judge, Respondent will coordinate with the Immigration Court to schedule a bond hearing as expeditiously as possible. (Doc. 7, pp. 1-2, 6-7).

Following Petitioner's conviction, there did exist a clear legal basis for ICE to detain him pending the outcome of removal proceedings. See *Diop v. ICE*, 656 F.3d 221, 230 (3d

Cir. 2011). Pursuant to 8 U.S.C. § 1226(c), the Attorney General must take into custody any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). However, this "mandatory detention" provision has limits. See *Diop v. ICE/Homeland Security*, 656 F.3d 221, 232 (3d Cir. 2011). The Courts have cautioned that the constitutionality of detention is, at least to some extent, a function of the length of detention. *Id*. Although mandatory detention for some classes of aliens under § 1226(c) is constitutional, Justice Kennedy's concurring opinion in *Demore v. Kim, et al.*, 538 U.S. 510, 532 (2003), emphasizes that continued detention can become unconstitutional unless the government justifies its actions at a hearing designed to ascertain whether continued detention of the alien is necessary to achieve the law's stated purposes of preventing flight and minimizing potential dangers to the community. *Diop*, 656 F.3d at 233. Where detention has become unreasonable, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." *Id*.

In *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), the Third Circuit further examined excessive detention claims under § 1226(c). The Third Circuit held that in cases where a petitioner brings a good faith challenge to his or her removal from the United States:

> beginning sometime after the six-month time frame considered by Demore, and certainly by the time [the alien] had been detained for one year, the burdens to [the petitioner's] liberties outweigh[ ] any justification for using presumptions to detain him without bond to further the goals of the statute. . . . [T]he underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner's] continued detention was or is necessary.

Chavez-Alvarez, 783 F.3d at 478.

Petitioner was taken into ICE custody on April 10, 2017, and has now been detained by ICE for nine (9) months. Although the statutory law does seemingly dictate mandatory custody, "[w]e do not believe that Congress intended to authorize prolonged, unreasonable, detention without a bond hearing." Hernandez v. Sabol, 823 F. Supp. 2d 266, 272 (M.D. Pa. 2011). Section 1226(c) authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community. See Diop, 656 F.3d at 231. Thus, the Court will direct that Petitioner be granted a bond hearing to ascertain whether the Immigration Court considers him a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings.

This Court's decision is entirely consistent with other case law from the Middle District of Pennsylvania, as well as with the Diop Court's caution that prolonged detention of an alien (35-month detention in Diop), absent an individualized bond hearing, can become

presumptively unreasonable. See Bautista v. Sabol, 862 F. Supp. 2d 375 (M.D. Pa. 2012). Following Diop, the Middle District Court has ruled that a petitioner, detained for approximately twenty (20) months under § 1226(c), was entitled to release while his appeal of removal was pending in the Immigration Court and the Board of Immigration Appeals. See Gupta v. Sabol, 2011 WL 3897964, *1 (M.D. Pa. 2011). The Gupta Court stated that such decisions reflect "a growing consensus within this district and throughout the federal courts [ ] that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns." Id. at *2. Thus, although this Court declines to grant the outright release of Petitioner in advance of a bond hearing, Petitioner's detention does require a bond hearing.

A separate Order shall issue.

Date: January 17, 2018

Robert D. Mariani
United States District Judge